NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 11 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIC HOLLOWAY, deceased, by and through his legal representative and successor-in-interest, Shalimah Abdullah; SHALIMAH ABDULLAH, individually, <br><br>    Plaintiffs-Appellees, <br><br>  v. <br><br> CENTINELA SKILLED NURSING & WELLNESS CENTRE WEST, LLC, DBA Centinela Skilled Nursing & Wellness Centre West, a California Skilled Nursing Facility; BRIUS MANAGEMENT CO., a California company, <br><br>    Defendants-Appellants, <br><br>  and <br><br> TAMAR RECHNITZ, an individual; DOES, 1-25, inclusive; SAIDAH HOLLOWAY, an individual, nominal defendant; AKBAR ABDULLAH, an individual, nominal defendant; RIHEIM HOLLOWAY, an individual, nominal defendant, <br><br>    Defendants. | No. 21-56011 <br><br> D.C. No. <br> 2:21-cv-06106-DMG-AGR <br><br><br> MEMORANDUM[*] |

---

   [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted August 11, 2023[**]

Before: WALLACE, O'SCANNLAIN, SILVERMAN, Circuit Judges.

Centinela Skilled Nursing & Wellness Centre West, LLC, doing business as Centinela Skilled Nursing & Wellness Centre West, a California Skilled Nursing Facility, and Brius Management Co. (collectively "Centinela") appeal from the district court's order remanding this case to state court for lack of federal subject matter jurisdiction. Centinela argues that the district court had three independent grounds for such jurisdiction: federal officer removal, complete preemption, and the presence of an embedded federal question.

I

The district court did not have federal subject matter jurisdiction under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), because Centinela's actions were not "taken pursuant to a federal officer's directions." *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679, 684 (9th Cir. 2022) (cleaned up). While Centinela has demonstrated that, like the defendants in *Saldana*, it was subject to federal laws and regulations throughout the COVID-19 pandemic, "simply *complying* with a law

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2

or regulation is not enough to bring a private person within the scope of the [federal officer removal] statute." *Id.* (cleaned up). Similarly, recommendations, advice, and encouragement from federal entities do not amount to the type of control required for removal under the statute. *See id.* at 685.

## II

The district court did not have federal subject matter jurisdiction under the doctrine of complete preemption because the Public Readiness and Emergency Preparedness (PREP) Act, 42 U.S.C. §§ 247d-6d, 247d-6e, is not a complete preemption statute—that is, it is not one of those "rare" statutes "where a federal statutory scheme is so comprehensive that it entirely supplants state law causes of action." *Saldana*, 27 F.4th at 686 (cleaned up). While the PREP Act may preempt some state-law claims, any such conflict preemption would be an affirmative defense, and would not create federal subject matter jurisdiction. *See id.* at 688.

## III

The district court did not have embedded federal question jurisdiction because the state-law causes of action in the complaint do not "necessarily" raise "substantial" federal issues that are "actually disputed" and "capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* at 688 (cleaned up). Although a federal defense may be available under the PREP Act, "a federal defense is not a sufficient basis to find embedded federal question

jurisdiction." *Id.*

## IV

In short, all of Centinela's challenges are controlled by *Saldana*. Centinela argues that *Saldana* was wrongly decided, but cites no "clearly irreconcilable" intervening authority permitting us to overrule it. *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). Accordingly, we apply *Saldana*.

**AFFIRMED.**